United States District Court
Southern District of Texas
**ENTERED**
September 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICK BEHR CONSTRUCTION, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-25-3430 |
| ZIONS BANCOPORATION, N.A. D/B/A AMEGY BANK, | § § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Defendant Amegy Bank's Motion to Dismiss Pursuant to Rule 12(b)(6) (Document No. 5). Having considered the Defendant's motion, submissions, and applicable law, the Court determines that the Defendant's motion should be granted.

## I. BACKGROUND

This is a matter involving alleged claims for breach of contract and negligence. Plaintiff Rick Behr Construction brings suit against Defendant Zions Bancoporation, N.A. d/b/a Amegy Bank ("Amegy"). Plaintiff alleges that they have a checking account with and are a customer of Defendant. Both parties agree that the relationship between Plaintiff and Defendant is governed by a Deposit Account Agreement (the "Contract").

Plaintiff issued a check (the "Check") from their account with Defendant in the amount of $157,668.30. Plaintiff alleges that the check was made payable to Graves Mechanical, Inc. ("Graves") between the dates of July 6, 2023, and July 13, 2023. Plaintiff further alleges that the Check was deposited with JPMorgan Chase Bank by Savanna Page, a nonparty to this action. On September 8, 2023, Plaintiff reported to Defendant that the Check was never received by Graves.

Based on the foregoing, on June 13, 2025, Plaintiff filed suit in the 152nd District Court of Harris County, Texas, asserting claims for breach of contract and negligence. On July 24, 2025, Defendant removed the case to this Court pursuant to diversity jurisdiction. On August 21, 2025, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff has not responded to Defendant's motion to dismiss either by the date required under the Federal Rules of Civil Procedure or the date of this Order.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendant moves to dismiss Plaintiff's claims, contending that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff did not respond to Defendant's motion to dismiss, failing to rebut or offer evidence to counter Defendant's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond to Defendant's motion to dismiss, the Court will consider, in turn, the merits of Plaintiff's claims against Defendant.

3

## 1. Breach of Contract

Plaintiff alleges that a valid contract existed between their corporation and Defendant. Plaintiff further alleges Defendant breached the Contract causing damages in the amount of $157,668.20. Defendant contends that they have not breached the Contract and are entitled to dismissal. Plaintiff offers no rebuttal.

When exercising diversity jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938)). Contract law is an area of state law. *Crisalli,* 177 F App'x. at 419 (*citing Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 686 (1996)). Texas law, therefore, governs a suit for breach of contract. To succeed on a claim for breach of contract under Texas law, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex.App.–Houston [14th Dist.] 2005, pet. denied)).

Most pertinent in this case, the Texas Business and Commerce Code states in relevant part that, "[i]f a bank sends or makes available a statement of account . . . the customer must exercise reasonable promptness in examining the statement[.]"

4

TEX. BUS. & COM. CODE § 4.406(c). The Code further states that "[i]f . . . the customer should reasonably have discovered the unauthorized payment, the customer must promptly notify the bank of the relevant facts." *Id.* Texas courts have made clear that the procedures and deadlines for reporting errors are governed by the contract between a bank and its customer. *See Am. Airlines Employees Fed. Credit Union v. Martin*, 29 S.W.3d 86, 89 (Tex. 2000) (finding a contract with a sixty-day reporting deadline to be enforceable); *Contractors Source, Inc. v. Amegy Bank Nat'l Ass'n*, 462 S.W.3d 128, 132 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (finding a thirty-day reporting deadline to be enforceable).

Here, Plaintiff alleges that they had a valid contract with Defendant that was breached "by [Defendant] failing to perform its obligations[.]"[1] In its motion to dismiss, Defendant contends that the Contract governs the relationship between the parties, and that Plaintiff has failed to plead a claim upon which relief can be granted. The Contract states in relevant part, "[y]ou also agree that failure to report unauthorized signatures, alternations, forgeries, or other unauthorized items, transactions, debits, or other errors in your account within 30 days of when we first send or make the statement available to you forecloses you from claiming from us

---

[1] *Plaintiff's Complaint*, Document No. 1 at 8–9.

any reimbursement[.]"[2] Defendant further contends that they made available a monthly statement of Plaintiff's account on July 31, 2023, and that the deadline to report errors or fraud was thirty days later on August 30, 2023. Plaintiff offers no rebuttal but concedes in their pleadings that they first reported the problem with the Check on September 8, 2023.[3]

Here, the Court has reviewed Plaintiff's complaint in detail. A thorough review of the record reveals that Plaintiff failed to notify Defendant of the problem with the Check within the contractually required timeframe. Thus, given the Texas Supreme Court's clear guidance that a bank customer must report errors within the contracted timeframe, the Court finds that Plaintiff fails to state a claim upon which relief can be granted, and thus, their claim for breach of contract is dismissed. The Court will now consider Plaintiff's claim for negligence.

*2. Negligence*

Plaintiff further alleges that "Amegy failed to exercise ordinary care" and was negligent by failing to prevent payment of the Check in question. Defendant contends that Plaintiff's negligence claim is preempted by the UCC and should be dismissed. Plaintiff offers no rebuttal.

---

[2] *Defendant Amegy Bank's Motion to Dismiss Pursuant to Rule 12(b)(6)*, Document No. 5, Exhibit A at 29–30 (*Contract*).

[3] *See Plaintiff's Complaint*, Document No. 1 at 7.

When exercising diversity jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938)). Tort law is a matter of state law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 87 (1938). When a provision of the UCC applies, common law claims that conflict with said provision are precluded. *See Moody Nat'l Bank v. Tex. City Dev. Ltd. Co.*, 46 S.W.3d 373, 378 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (holding that "[c]ommon law claims are precluded when a claim would impose liability inconsistent with any of the Article's provisions.").

Here, Defendant contends that Section 4.406 of the UCC applies and thus, Plaintiff's common law negligence claim is precluded. Plaintiff offers no rebuttal. Section 4.406 states in relevant part "[i]f a bank sends or makes available a statement of account . . . the customer must exercise reasonable promptness in examining the statement[.]" TEX. BUS. & COM. CODE § 4.406(c).

Here, the Court has reviewed Plaintiff's complaint in detail. A thorough review of the record reveals that Plaintiff's common law negligence claim conflicts with Section 4.406 of the Texas Business and Commerce Code. Thus, given the Texas courts' clear guidance that common law claims are preempted by applicable UCC sections, the Court finds that Plaintiff fails to state a claim upon which relief can be granted, and thus, their claim for negligence is dismissed.

7

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Amegy Bank's Motion to Dismiss Pursuant to Rule

12(b)(6) (Document No. 5) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Rick Behr Construction, Inc.'s claims against

Defendant Zions Bankcorporation, N.A. d/b/a Amegy Bank are **DISMISSED**.

**THIS IS A FINAL JUDGMENT**

SIGNED at Houston, Texas, on this __30__ day of September, 2025.

DAVID HITTNER
United States District Judge

8